## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | |
| Alan S. Dunton and Cindy L. Dunton<br>Penobscot Bay Medical Center | RE:<br>214-216 Lindsey Road, Newburgh, ME 04444 |
| **Defendants**<br>Harold Little & Archer Israel<br>Town of Newburgh<br>Maine Revenue Services<br>Joseph Campbell<br>The Town of Newburgh and the Maine Municipal Association | Mortgage:<br>June 25, 2002<br>Book 8249, Page 82 |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Alan S. Dunton and Cindy L. Dunton and Penobscot Bay Medical Center, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Loan Repayment and Security Agreement executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, in which the Defendants, Alan S. Dunton and Cindy L. Dunton, are the obligor and the total amount owed under the terms of the Loan Repayment and Security Agreement is Three Hundred Eighteen Thousand Five Hundred Forty-Four and 72/100 ($318,544.72) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust is a corporation with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Alan S. Dunton, is a resident of Newburgh, County of Penobscot and State of Maine.

6. The Defendant, Cindy L. Dunton, is a resident of Newburgh, County of Penobscot and State of Maine.

7. The Defendant, Penobscot Bay Medical Center is located at 6 Glen Cove Drive, Rockport, ME 04856.

8. The Party-in-Interest, Joseph Campbell, is located at 55 Powsland St, Portland, ME 04102.

9. The Parties-in-Interest, Harold Little and Archer Israel, is located at 5220 Society Way, De Leon, FL 32130.

10. The Party-in-Interest, The Town of Newburgh and the Maine Municipal Association, is located at 60 Community Drive, Augusta, ME 04330.

11. The Party-in-Interest, Maine Revenue Services, is located at c/o Kevin J. Crosman, Esq., Assistant Attorney General, 6 State House Station, Augusta, ME 04333.

12. The Party-in-Interest, Town of Newburgh, is located at 2220 Western Avenue, Newburgh, ME 04444.

## FACTS

13. On November 14, 1998, by virtue of a Warranty Deed from Alan S. Dunton, which is recorded in the Penobscot County Registry of Deeds in **Book 6881, Page 266**, the property situated at 214-216 Lindsey Road, County of Penobscot, and State of Maine, was conveyed to Alan S. Dunton and Cindy L. Dunton, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

14. Penobscot Bay Medical Center is a Defendant pursuant to a Writ of Execution against Alan S. Dunton, dated January 14, 2000, in the amount of $6,259.04, and recorded in the Penobscot County Registry of Deeds in **Book 7342, Page 25**, which upon information and belief should have been paid in full and discharged.

15. On June 25, 2002, Defendants, Alan S. Dunton and Cindy L. Dunton, executed and delivered to Beneficial Maine, Inc. a certain Loan Repayment and Security Agreement under seal in the amount of $168,550.61. *See* Exhibit B (a true and correct copy of the Loan Repayment and Security Agreement is attached hereto and incorporated herein).

16. To secure said Loan Repayment and Security Agreement, on June 25, 2002, Defendants, Alan S. Dunton and Cindy L. Dunton executed a Mortgage Deed in favor of Beneficial Maine, Inc., securing the property located at 214-216 Lindsey Road, Newburgh, ME 04444 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 8249**, **Page 82**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust by virtue of an Assignment of Mortgage dated August 19, 2014 and recorded in the Penobscot County Registry of Deeds in **Book 13626**, **Page 21**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. On May 20, 2019, the Defendants, Alan S. Dunton and Cindy L. Dunton, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit E (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

19. The Demand Letter informed the Defendants, Alan S. Dunton and Cindy L. Dunton, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit E.

20. The Defendants, Alan S. Dunton and Cindy L. Dunton, failed to cure the default prior to the expiration of the Demand Letter.

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is the present holder of the Loan Repayment and Security Agreement pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Loan

Repayment and Security Agreement in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is the lawful holder and owner of the Loan Repayment and Security Agreement and Mortgage.

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

24. Joseph Campbell is a Party-in-Interest pursuant to a Writ of Execution in the amount of $845.80 dated March 5, 2003, and recorded in the Penobscot County Registry of Deeds in **Book 9752**, **Page 130** and is in second position behind Plaintiff's Mortgage.

25. Harold Little & Archer Israel is a Party-in-Interest pursuant to a Writ of Execution in the amount of $17,581.30 dated March 28, 2006, and recorded in the Penobscot County Registry of Deeds in **Book 10402**, **Page 205** and is in third position behind Plaintiff's Mortgage.

26. Town of Newburgh is a Party-in-Interest pursuant to a Mortgage in the amount of $252,436.49 dated June 14, 2010, and recorded in the Penobscot County Registry of Deeds in **Book 12164**, **Page 13** and is in fourth position behind Plaintiff's Mortgage.

27. The Town of Newburgh and the Maine Municipal Association is a Party-in-Interest pursuant to a Writ of Execution in the amount of $252,461.49 dated January 5, 2012, and recorded in the Penobscot County Registry of Deeds in **Book 12703**, **Page 176** and is in fifth position behind Plaintiff's Mortgage.

28. Maine Revenue Services is a Party-in-Interest pursuant to a Tax Lien in the amount of $24,809.70 dated April 1, 2012, and recorded in the Penobscot County Registry of Deeds in **Book 12778**, **Page 18** and is in sixth position behind Plaintiff's Mortgage.

29. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of January 3, 2020 is Three Hundred Eighteen Thousand Five Hundred Forty-Four and 72/100 ($318,544.72) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $148,199.18 |
| Interest | $147,747.09 |
| Escrow/Impound Required | $20,884.43 |
| Total Advances | $1,714.02 |
| Grand Total | $318,544.72 |

30. Upon information and belief, the Defendants, Alan S. Dunton and Cindy L. Dunton, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

31. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, repeats and re-alleges paragraphs 1 through 29 as if fully set forth herein.

32. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 214-216 Lindsey Road, Newburgh, County of Penobscot, and State of Maine. *See* Exhibit A.

33. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is the holder of the Loan Repayment and Security Agreement referenced in Paragraph 14 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Loan Repayment and Security Agreement in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, has the right to foreclosure and sale upon the subject property.

34. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Loan Repayment and Security Agreement.

35. The Defendants, Alan S. Dunton and Cindy L. Dunton, are presently in default on said Mortgage and Loan Repayment and Security Agreement, having failed to make the monthly payment due June 1, 2010, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Loan Repayment and Security Agreement.

36. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of January 3, 2020 is Three Hundred Eighteen Thousand Five Hundred Forty-Four and 72/100 ($318,544.72) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $148,199.18 |
| Interest | $147,747.09 |
| Escrow/Impound Required | $20,884.43 |
| Total Advances | $1,714.02 |
| Grand Total | $318,544.72 |

37. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

38. By virtue of the Defendants, Alan S. Dunton and Cindy L. Dunton's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

39. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Alan S. Dunton and Cindy L. Dunton, on May 20, 2019, evidenced by the Certificate of Mailing. *See* Exhibit E.

40. The Defendants, Alan S. Dunton and Cindy L. Dunton, are not in the Military as evidenced by the attached Exhibit F.

## COUNT II – BREACH OF LOAN REPAYMENT AND SECURITY AGREEMENT

41. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, repeats and re-alleges paragraphs 1 through 39 as if fully set forth herein.

42. On June 25, 2002, the Defendants, Alan S. Dunton and Cindy L. Dunton, executed under seal and delivered to Beneficial Maine, Inc. a certain Loan Repayment and Security Agreement in the amount of $168,550.61.  *See* Exhibit B.

43. The Defendants, Alan S. Dunton and Cindy L. Dunton, are in default for failure to properly tender the June 1, 2010 payment and all subsequent payments.  *See* Exhibit E.

44. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is the proper holder of the Loan Repayment and Security Agreement and is entitled to enforce the terms and conditions of the Loan Repayment and Security Agreement due to its breach by the Defendants, Alan S. Dunton and Cindy L. Dunton.

45. The Defendants, Alan S. Dunton and Cindy L. Dunton, having failed to comply with the terms of the Loan Repayment and Security Agreement and Mortgage, are in breach of both the Loan Repayment and Security Agreement and the Mortgage.

46. The Defendants Alan S. Dunton and Cindy L. Dunton's breach is knowing, willful, and continuing.

47. The Defendants Alan S. Dunton and Cindy L. Dunton's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

48. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of January 3, 2020, if no payments are made, is Three Hundred Eighteen Thousand Five Hundred Forty-Four and 72/100 ($318,544.72) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $148,199.18 |
| Interest | $147,747.09 |
| Escrow/Impound Required | $20,884.43 |
| Total Advances | $1,714.02 |
| Grand Total | $318,544.72 |

49. Injustice can only be avoided by awarding damages for the total amount owed under the Loan Repayment and Security Agreement including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

50. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, repeats and re-alleges paragraphs 1 through 48 as if fully set forth herein.

51. By executing, under seal, and delivering the Loan Repayment and Security Agreement, the Defendants, Alan S. Dunton and Cindy L. Dunton, entered into a written contract with Beneficial Maine, Inc. who agreed to loan the amount of $168,550.61 to the Defendants. *See* Exhibit B.

52. As part of this contract and transaction, the Defendants, Alan S. Dunton and Cindy L. Dunton, executed the Mortgage to secure the Loan Repayment and Security Agreement and the subject property. *See* Exhibit C.

53. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is the proper holder of the Loan Repayment and Security Agreement and successor-in-interest to

Beneficial Maine, Inc., and has performed its obligations under the Loan Repayment and Security Agreement and Mortgage.

54. The Defendants, Alan S. Dunton and Cindy L. Dunton, breached the terms of the Loan Repayment and Security Agreement and Mortgage by failing to properly tender the June 1, 2010 payment and all subsequent payments. *See* Exhibit F.

55. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is the proper holder of the Loan Repayment and Security Agreement, and is entitled to enforce the terms and conditions of the Loan Repayment and Security Agreement due to its breach by the Defendants, Alan S. Dunton and Cindy L. Dunton.

56. The Defendants, Alan S. Dunton and Cindy L. Dunton, having failed to comply with the terms of the Loan Repayment and Security Agreement and Mortgage, are in breach of contract.

57. The Defendants, Alan S. Dunton and Cindy L. Dunton, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust in the sum of Three Hundred Eighteen Thousand Five Hundred Forty-Four and 72/100 ($318,544.72) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, to the Defendants.

58. Defendants Alan S. Dunton and Cindy L. Dunton's breach is knowing, willful, and continuing.

59. Defendants Alan S. Dunton and Cindy L. Dunton's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

60. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of January 3, 2020, if no payments are made, is Three Hundred Eighteen Thousand Five Hundred Forty-Four and 72/100 ($318,544.72) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $148,199.18 |
| Interest | $147,747.09 |
| Escrow/Impound Required | $20,884.43 |
| Total Advances | $1,714.02 |
| Grand Total | $318,544.72 |

61. Injustice can only be avoided by awarding damages for the total amount owed under the Loan Repayment and Security Agreement and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

62. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

63. Beneficial Maine, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, loaned Defendants, Alan S. Dunton and Cindy L. Dunton, $168,550.61.  *See* Exhibit B.

64. The Defendants, Alan S. Dunton and Cindy L. Dunton, are in default for failure to properly tender the June 1, 2010 payment and all subsequent payments.  *See* Exhibit F.

65. As a result of the Defendants Alan S. Dunton and Cindy L. Dunton's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust.

66. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

67. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, repeats and re-alleges paragraphs 1 through 65 as if fully set forth herein.

68. Beneficial Maine, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, loaned the Defendants, Alan S. Dunton and Cindy L. Dunton, $168,550.61. *See* Exhibit B.

69. The Defendants, Alan S. Dunton and Cindy L. Dunton, have failed to repay the loan obligation.

70. As a result, the Defendants, Alan S. Dunton and Cindy L. Dunton, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust as successor-in-interest to Beneficial Maine, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

71. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendants, Alan S. Dunton and Cindy L. Dunton, are in breach of the Loan Repayment and Security Agreement by failing to make payment due as of June 1, 2010, and all subsequent payments;

d) Find that the Defendants, Alan S. Dunton and Cindy L. Dunton, are in breach of the Mortgage by failing to make payment due as of June 1, 2010, and all subsequent payments;

e) Find that the Defendants, Alan S. Dunton and Cindy L. Dunton, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Alan S. Dunton and Cindy L. Dunton, are in breach of contract by failing to comply with the terms and conditions of the Loan Repayment and Security Agreement and Mortgage by failing to make the payment due June 1, 2010 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is entitled to enforce the terms and conditions of the Loan Repayment and Security Agreement and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Alan S. Dunton and Cindy L. Dunton have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, to restitution;

j) Find that the Defendants, Alan S. Dunton and Cindy L. Dunton, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, for money had and received;

k) Find that the Defendants, Alan S. Dunton and Cindy L. Dunton, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Alan S. Dunton and Cindy L. Dunton, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Alan S. Dunton and Cindy L. Dunton, to continue to appreciate and retain the benefit of the Mortgage, Loan Repayment and Security Agreement and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, is entitled to restitution for this benefit from the Defendants, Alan S. Dunton and Cindy L. Dunton;

o) Determine the amount due on said Mortgage and Loan Repayment and Security Agreement, including principal, interest, reasonable attorney's fees and court costs;

p) Order a discharge of Writ of Execution, which upon information and belief should have been previously discharged, in favor of Penobscot Bay Medical Center, dated January 14, 2000, in the amount of $6,259.04, and recorded in the Penobscot County Registry of Deeds in **Book 7342, Page 25**;

q) Additionally, issue a money judgment against the Defendants, Alan S. Dunton and Cindy L. Dunton, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, in the amount of Three Hundred Eighteen Thousand Five Hundred Forty-Four and 72/100 ($318,544.72 Dollars, the total debt owed under the Loan Repayment and Security Agreement plus interest and costs including attorney's fees and costs;

r) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust,
By its attorneys,

Dated: March 16, 2020

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com