UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., as Trustee for LSF8 Master Participation Trust, <br><br>       Plaintiff <br><br>vs. <br><br>ALAN S. DUNTON and CINDY L. DUNTON PENOBSCOT BAY MEDICAL CENTER, <br><br>       Defendants <br><br>HAROLD LITTLE and ARCHER ISRAEL, TOWN OF NEWBURGH, MAINE REVENUE SERVICES, JOSEPH CAMPBELL, THE TOWN OF NEWBURGH AND MAINE MUNCIPAL ASSOCIATION <br><br>       Parties-in-Interest | Civil Action No.: <br><br>ANSWER TO COMPLAINT <br><br><br><br><br><br>RE: <br>214-216 Lindsey Road, Newburgh, ME  04444 <br><br>Mortgage: <br>June 25, 2002 <br>Book 8249, Page 82 |

NOW COME the Town of Newburgh and Maine Municipal Association, more properly denominated as the Maine Municipal Association Property & Casualty Risk Pool (hereinafter referred to as "MMA"), as named Parties-in-Interest with regard to the above matter, and answer Plaintiff's Complaint as follows:

1.      Paragraph 1 states the legal contentions and conclusions of the Plaintiff, and therefore requires no answer.  To the extent Paragraph 1 is construed to contain allegations of fact, they are denied.

1

2. Paragraph 2 states the legal contentions and conclusions of the Plaintiff, and therefore requires no answer. To the extent Paragraph 2 is construed to contain allegations of fact, they are denied.

3. Paragraph 3 states the legal contentions and conclusions of the Plaintiff, and therefore requires no answer. To the extent Paragraph 3 is construed to contain allegations of fact, they are denied.

4. Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendants have insufficient information to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore those allegations are denied.

6. Defendants have insufficient information to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore those allegations are denied.

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendants have insufficient information to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore those allegations are denied.

9. Defendants have insufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore those allegations are denied.

10. Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendants admit the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendants have insufficient information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore those allegations are denied.

18. Defendants have insufficient information to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint, and therefore those allegations are denied.

19. Defendants have insufficient information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore those allegations are denied.

20. Defendants admit the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Paragraph 21 states the legal contentions and conclusions of the Plaintiff, and therefore requires no answer. To the extent Paragraph 21 is construed to contain allegations of fact, they are denied.

22. Paragraph 22 states the legal contentions and conclusions of the Plaintiff, and therefore requires no answer. To the extent Paragraph 22 is construed to contain allegations of fact, they are denied.

23. Paragraph 23 states the legal contentions and conclusions of the Plaintiff, and therefore requires no answer. To the extent Paragraph 23 is construed to contain allegations of fact, they are denied.

24. Defendants have insufficient information to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint, and therefore those allegations are denied. Answering further, the Town of Newburgh and MMA deny that Joseph Campbell is in second position behind of Plaintiff's Mortgage.

25. Defendants have insufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint, and therefore those allegations are denied. Answering further, the Town of Newburgh and MMA deny that Harold Little and Archer Israel are in third position behind of Plaintiff's Mortgage

26. Defendants admit the allegations contained in Paragraph 26 of Plaintiff's Complaint, with the exception that the Town of Newburgh denies that it is in fourth position behind Plaintiff's Mortgage, and contends that it has priority over the other instruments referenced in Plaintiff's Complaint.

27. Defendants admit the allegations contained in Paragraph 27 of Plaintiff's Complaint, with the exception that the Town of Newburgh and MMA deny that they were in fifth position in Plaintiff's Mortgage, and contend that they have priority over the other instruments referenced in Plaintiff's Complaint.

28. Defendants have insufficient information to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint, and therefore those allegations are denied.

29. Defendants have insufficient information to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and therefore those allegations are denied.

30. Defendants have insufficient information to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint, and therefore those allegations are denied.

## COUNT I – FORECLOSURE AND SALE

31. Defendants repeat and reallege with the same force and effect as if set forth in full herein their responses to the allegations contained in Paragraphs 1 through 30 of Plaintiff's Complaint as set forth above.

32. Paragraph 32 states the legal contentions and conclusions of the Plaintiff, and therefore requires no answer. To the extent Paragraph 32 is construed to contain allegations of fact, they are denied.

33. Paragraph 33 states the legal contentions and conclusions of the Plaintiff, and therefore requires no answer. To the extent Paragraph 33 is construed to contain allegations of fact, they are denied.

34. Defendants have insufficient information to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint, and therefore those allegations are denied.

35. Defendants have insufficient information to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint, and therefore those allegations are denied.

36. Defendants have insufficient information to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint, and therefore those allegations are denied.

37. Defendants admit the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants admit the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendants have insufficient information to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint, and therefore those allegations are denied.

40. Defendants admit the allegations contained in Paragraph 40 of Plaintiff's Complaint.

The remaining Counts of Plaintiff's Complaint state no claims affecting or directed toward Parties-in-Interest Town of Newburgh and Maine Municipal Association, more properly denominated as Maine Municipal Association Property & Casualty Risk Pool. To the extent that any of the remaining allegations of the Plaintiff's Complaint are construed to constitute claims affecting the priority of the Town of Newburgh and/or the Maine Municipal Association, more properly denominated as the Maine Municipal Association Property & Casualty Risk Pool, they are denied.

WHEREFORE, the Town of Newburgh and Maine Municipal Association, more properly denominated as the Maine Municipal Association Property & Casualty Risk Pool, request that judgment be entered against the Dunton Defendants, that to the extent U.S. Bank Trust, N.A. is allowed to foreclose, that U.S. Bank Trust, N.A. be allowed to foreclose, and that the property be sold, and further that the Court determine the priorities of the parties and distribute such sums as are appropriate to the Town of Newburgh and the Maine Municipal Association, more properly denominated as the Maine Municipal Association Property & Casualty Risk Pool, and such further and other relief, including attorney's fees, to which the Town of Newburgh and the

Maine Municipal Association, more properly denominated as the Maine Municipal Association Property & Casualty Risk Pool, are entitled.

Dated at Portland, Maine this 6th day of April, 2020.

                                                       */s/ James M. Bowie*
                                               James M. Bowie, Esq.; Bar No.: 185
                                               Attorney for the Town of Newburgh and
                                               Maine Municipal Association

Thompson Bowie & Hatch LLC
P.O. Box 4630
415 Congress Street
Portland, ME  04112
(207) 774-2500

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2020, this document was filed through the ECF system, and will be sent electronically to registered participants as identified on the Notice of electronic Filing (NEF).  A copy of this document was **also *mailed via U.S. First-Class Mail*** to those indicated as non-registered participants.

                                                       */s/ James M. Bowie*
                                               James M. Bowie, Esq.; Bar No.: 185
                                               Attorney for the Town of Newburgh and
                                               Maine Municipal Association

Thompson Bowie & Hatch LLC
P.O. Box 4630
415 Congress Street
Portland, ME  04112
(207) 774-2500