UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., as Trustee<br>For LSF8 Master Participation Trust<br><br>Plaintiff<br><br>v.<br><br>ALAN S. DUNTON, et al.,<br><br>Defendants<br><br>HAROLD LITTLE, et al.,<br><br>Parties-in-interest | 1:20-cv-00098-LEW |

## ORDER ON MOTION FOR SERVICE BY PUBLICATION

This is a foreclosure action in which Plaintiff has joined Joseph Campbell as a party-in-interest as the result of a writ of execution on certain real property located in Newburgh, Maine. Plaintiff asserts that after due diligence, it has been unable to serve Campbell. The matter is before the Court on Plaintiff's motion to serve Campbell by publication. (Motion, ECF No. 55.)

Following a review of the record and after consideration of the motion, the Court denies the motion without prejudice.

### FACTUAL BACKGROUND

On or about March 31, 2020, Plaintiff attempted to serve Campbell at 55 Powsland Street, in Portland, Maine, and left a copy of the summons with Cortney Cox, who was of suitable age and evidently the niece of the Joseph Campbell who lived at the address.

(Affidavit of Matthew Kelly ¶ 6, ECF No. 55-1.)  On May 21, 2020, the Joseph Campbell who resided on Powsland Street notified the court that he was not the Joseph Campbell referenced in the complaint and that he does not know the individual defendants. (*Id*. ¶ 8; Exhibit C to Kelly Affidavit.)

On July 6, 2020, the Cumberland County Sheriff's Department served a Joseph Campbell at another address (12 Bowie Street, West Baldwin, Maine, 04091). (*Id*. ¶ 10.) Plaintiff's counsel subsequently received an email from Joseph Campbell of 12 Bowie Street, West Baldwin, advising that he was not the correct Joseph Campbell and that he had no affiliation with the subject property. (*Id*. ¶ 11.)  Plaintiff then attempted to identify an address for Campbell by contacting the Cumberland County District Court, the court in which the case that resulted in the writ of execution was filed, but Plaintiff did not obtain another address.  (*Id*. ¶ 16.)

Plaintiff also engaged the services of a private investigator, Michael Brophy, who attempted to locate and serve Campbell through his counsel in the writ of execution case, but counsel could not recall Campbell or the case. (*Id*. ¶ 15.)  Plaintiff also performed online research as to Campbell's location, including LexisNexis RISK People Investigations, Google searches, Maine probationer/prisoner searchers, Maine probate searches, and obituary searches, but has found no other addresses. (*Id*. ¶ 17.)

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age

and discretion who resides there, delivering a copy to an agent authorized by appointment or by law to receive service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district is located or where service is made. Fed. R. Civ. P. 4(e). In addition to the traditional method of personal service, Maine law provides for alternate means of serving a summons and complaint, "upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1).

Alternate means of service include leaving the summons, complaint, and the order authorizing service by alternate means at the individual's dwelling house or usual place of abode, by publication unless a statute provides another method of notice, or by electronic or any other means not prohibited by law. *Id.* A motion for service by alternate means must be supported by an affidavit demonstrating that:

> (A) The moving party has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute;
>
> (B) The identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process; and
>
> (C) The requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit.

Me. R. Civ. P. 4(g)(1).

Here, the issue is whether the alternate service proposed by Plaintiff (i.e., by publication) is appropriate in this case. "Both the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is

3

commenced is entitled to notice reasonably calculated to give actual notice, and a reasonable opportunity to respond to the action." *Gaeth v. Deacon,* 2009 ME 9, ¶ 23, 964 A.2d 621, 627. Although the Maine Rules of Civil Procedure continue to authorize service by publication in some circumstances, this method of providing notice "developed at a time when newspapers were the only means of print mass communication, and when newspapers were more widely and intensely read than is now the case." *Id.*, 2009 ME 9, ¶ 25, 964 A.2d at 627. For this reason, the Maine Supreme Judicial Court has described service by publication as a "last resort":

> Because service by publication has become less likely to achieve actual notice of a lawsuit, it is also less likely to meet the requirements of due process. *See Grannis* [*v. Ordean*]*,* 234 U.S. [385] at 394, 34 S. Ct. 779 [(1914)]. Today, just as one hundred years ago, notice of a suit must be given in the manner "most reasonably calculated to apprise the defendant" of the pendency of a suit. *Lewien* [*v. Cohen*]*,* 432 A.2d [800] at 804–05 [(Me. 1981)]. Accordingly, because of the recent societal changes, service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 4.13 at 98–100 (2d ed.1970); *see also* M.R. Civ. P. 4(g)(1) (mandating that courts may order service by publication only upon motion showing that "*service cannot with due diligence be made* by another prescribed method" (emphasis added)). "When a party's identity and location are reasonably ascertainable, notice by publication is not reasonably calculated to provide actual notice of the pending proceeding." *Phillips* [*v. Johnson*]*,* 2003 ME 127, ¶ 27 n. 12, 834 A.2d at 946 (quotation marks omitted). Thus, "service by publication should occur only when notice cannot be accomplished by other means." *Id.* ¶ 27, 834 A.2d at 946.

*Gaeth*, 2009 ME 9, ¶ 26, 964 A.2d at 628 (footnote omitted).[1]

---

[1] As early as 1950, the United States Supreme Court expressed doubts about the sufficiency of notice by publication. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.").

4

The law, however, recognizes that "in the case of persons missing or unknown, employment of an indirect and even a probably futile, means of notification is all the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950). When service by publication is authorized, it is generally authorized in combination with other means of making service. *Mullane*, 339 U.S. at 316 ("It is true that publication traditionally has been acceptable as notification supplemental to other action which in itself may reasonably be expected to convey a warning.").

In this case, service by publication, together with mailing a copy of the summons and complaint to Campbell at his last known address, could constitute reasonable measures to provide Campbell with notice of this action. The record, however, does not include a last known address for Campbell. Without Campbell's last known address or last known whereabouts, the Court cannot identify "a newspaper of general circulation in the county or municipality and state most reasonably calculated to provide actual notice" of the action to Campbell. M. R. Civ. P. 4(g)(2).

## CONCLUSION

Based on the foregoing analysis, the Court denies without prejudice Plaintiff's motion for service by publication.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

Dated this 27th day of September, 2021.

/s/ John C. Nivison
U.S. Magistrate Judge

5